UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ANTHONY BOND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAKE COUNTY, et al., <br><br> Defendants. | Case No. 15-cv-04079-KAW   (PR) <br><br> **ORDER DISMISSING WITHOUT PREJUDICE ALL PLAINTIFFS WITH EXCEPTION OF LEAD PLAINTIFF BOND AND DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND** |

Plaintiffs, state prisoners incarcerated at Lake County Jail ("LCJ"), have filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of their constitutional rights by Lake County and Lake County Sheriff Brian Martin. Lead Plaintiff William Anthony Bond, the only Plaintiff who signed the complaint, has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action and has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application. This motion is granted in a separate order.

**DISCUSSION**

**I. Multiple Plaintiffs**

An action brought by multiple plaintiffs proceeding *pro se* presents procedural problems that cause delay and confusion. *Moore v. California*, 2015 WL 5737197, *2 (N.D. Cal. Oct. 1, 2015); *Mizerak v. Kendricks*, 2008 WL 4809866, *1 (E.D. Cal. Nov. 3, 2008). Delay often occurs from the frequent transfer of inmates to other facilities, changes in address when inmates are released to parole and difficulties faced by inmates who must communicate with each other and

with unincarcerated individuals. *Mizerak*, 2008 WL 4809886, at *1. The failure of any Plaintiff other than Plaintiff Bond to sign the complaint, submit a motion for leave to proceed *in forma pauperis* and to submit a consent to the jurisdiction of the undersigned Magistrate Judge are examples of the delay and confusion that arise when multiple *pro se* prisoner plaintiffs file one complaint. The interests of justice are not served by joinder of Plaintiffs in this action. Avoidance of possible prejudice to individual Plaintiffs, delay reduction and avoidance of confusion call for Plaintiffs' claims to proceed separately. Therefore, with the exception of lead Plaintiff Bond, all other Plaintiffs are dismissed from this complaint without prejudice to filing separate complaints.

The Court now addresses the claims asserted in Plaintiff's complaint.

## II. Standard of Review of *Pro Se* Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

And, there is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

**III. Plaintiff's Claims**

The complaint alleges the following: LCJ has used all of Plaintiff's money to pay for copies of his legal documents. Because "they" took all of his money, Plaintiff cannot buy shampoo, toothpaste, soap, envelopes and other personal items. This forces him to go "without basic human needs for weeks at a time." The lights in the jail cells are turned off at 11:30 p.m. and are turned on at 4:30 a.m. Plaintiff is sleep-deprived because he can only sleep five hours each night when the lights are out. Plaintiff is confined to his cell for more than sixty consecutive

3

hours and is given insufficient time to shave, shower, and exercise in the sunlight.

Plaintiff has been retaliated against because he has filed grievances and a federal action against LCJ employees. In particular, he was threatened by Correctional Officer Philippi.

The County has denied Plaintiff access to legal research.

**A. Eighth Amendment Claim**

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, that is, the official must be deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Liberally construed, the allegations in the first paragraph may meet the objective component of a claim for deliberate indifference to Plaintiff's health or safety. However, even liberally construed, the allegations fail to meet the second component, which requires that the deprivations were caused with deliberate indifference. In fact, Plaintiff fails to name the individual or individuals who caused the alleged deprivations. And, as discussed above, there is no vicarious liability under § 1983. Therefore, unless Plaintiff can truthfully allege that the Sheriff was personally involved in the deprivations or allege a causal connection between the Sheriff's actions and the constitutional deprivations, the allegations fail to state a claim against the Sheriff. Plaintiff also fails to state a claim against Lake County because he fails to allege that the County had a policy which was the moving force behind his deprivations and that the policy amounted to deliberate indifference to his constitutional rights.

If Plaintiff wishes to, he is granted leave to file an amended complaint to correct these deficiencies.

**II. First Amendment Claims**

Plaintiff's allegation that Correctional Officer Philippi threatened Plaintiff for filing

4

grievances against LCJ employees states a First Amendment retaliation claim against Officer Philippi. However, Plaintiff fail to state a cognizable First Amendment retaliation claim against any other defendant for the same reasons described above for the Eighth Amendment claim— he fails to name any other individuals responsible for the retaliation and the allegations fail to state a claim against the County or the Sheriff. If Plaintiff wishes to, he is granted leave to file an amended complaint to correct these deficiencies.

For the same reason, the allegation that the County denied Plaintiff legal research fails to state a First Amendment claim for lack of access to the courts against the County.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. With the exception of lead Plaintiff Bond, all Plaintiffs are dismissed from this action without prejudice to filing separate complaints.

2. The allegations in the complaint appear to state a cognizable First Amendment retaliation claim against Officer Philippi.

3. All other claims are DISMISSED with leave to amend in accordance with the standards set forth above. If Plaintiff wishes to file an amended complaint, it must be filed within twenty-eight (28) days of the date this Order and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of all claims except the retaliation claim against Officer Philippi. If Plaintiff does not file an amended complaint within twenty-eight days, his cognizable claim against Officer Philippi will go forward at the time.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

5

Procedure 41(b).

**IT IS SO ORDERED**.

Dated: November 20, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge